IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRI ESPINOZA,                          No C 07-3115 VRW

       Plaintiff,
                                     ORDER
   v

MICHAEL J ASTRUE, Commissioner of
Social Security

       Defendant.
_____/

       On June 13, 2007, plaintiff Terri Espinoza, acting pro se, filed this action, together with the filing fee, seeking judicial review of the final determination of the decision of the Social Security Administration denying her application for social security benefits.

       On the same date, the "Procedural Order for Social Security Actions" of the United States District Court for the Northern District of California was filed in the court's file for this action and served on plaintiff. Doc # 3. That order sets forth five procedural steps pursuant to Civil Local Rule 16-5, below. Of relevance here, the second such step is that plaintiff is required to serve and file a motion for summary judgment or for remand within thirty days of service of defendant's answer.

\\

On February 6, 2008, defendant commissioner filed his answer together with the administrative transcript. Doc # 4. Plaintiff failed to file her motion for summary judgment as required by the court's Procedural Order and Local Rule 16-5.

Civil Local Rule 16-5 governs procedure in actions for review on an administrative record and provides in pertinent part:

> Within 30 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil LR 7-2 and FRCP 56. Defendant must serve and file any opposition or counter-motion within 30 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days after service of defendant's opposition or counter-motion.

Plaintiff's failure to file a motion for summary judgment may warrant dismissal for failure to prosecute pursuant to FRCP 41(b). Plaintiff's pro se status is not an excuse. "Pro se litigants must follow the same rules of procedure that govern other litigants." King v Atiyeh, 814 F2d 565, 567 (9th Cir 1987). Lack of knowledge of the applicable rules and procedures is no excuse for failure to comply with those rules. See Swimmer v IRS, 811 F2d 1343, 1344 (9th Cir 1987).

Accordingly, plaintiff is now ordered to file her summary judgment motion on or before April 11, 2008 or show cause why the court should not dismiss this action for failure to prosecute pursuant to Rule 41(b). Should plaintiff fail to respond to this order in a timely fashion, the matter will be dismissed.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Judge